UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CICERO HUNTER, ET AL.                 CIVIL ACTION

VERSUS                                NO: 07-4655

BALBOA INSURANCE COMPANY, ET          SECTION: "J" (4)
AL.
**Reference 07-7845**

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand (Rec. Doc.

8).  For the reasons below, Plaintiff's Motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed suit to recover for damages allegedly

suffered as a result of Hurricane Katrina.  Plaintiff filed suit

in August, 2007 and Defendant timely removed.  Consistent with

LA. CODE CIV. P. art. 893, Plaintiffs did not assert a specific

dollar amount in their pleadings.  Defendant removed the case on

the basis of diversity of jurisdiction.  Plaintiffs' motion to

remand avers that Defendant has failed to prove that the amount

in controversy exeeds $75,000.

**DISCUSSION**

Because Louisiana law prohibits a plaintiff from claiming a

specific dollar figure in its petition, the Fifth Circuit has set

forth a clear analytical framework for courts to follow when

determining the amount in controversy for cases removed from
Louisiana state courts.

A removing defendant is required to prove by a preponderance
of the evidence that the amount in controversy exceeds $75,000.
*Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.
2000).  The defendant may make this showing by either (1)
demonstrating that it is facially apparent that the claims are
likely above $75,000 or (2) by setting forth the facts in
controversy that support a finding of the requisite amount.
*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.
1999).  Once a defendant has met this burden, in order to
prevail on a motion to remand a plaintiff must prove to a legal
certainty that the amount in controversy does not reach $75,000.
*Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869-70 (5th
Cir. 2002).

Plaintiff in this case claims that the Defendant has not
proved that the amount in controversy exceeds the requisite
amount.  Therefore the Plaintiff claims that the case must be
remanded.  Defendant indicates that it is not required to bring
forth evidence proving that the amount in controversy has been
met when it is facially apparent that the complaint is in excess
of $75,000.

Defendant avers that the policy limits are $66,000, and has

tendered $18,321.67 in connection with the policy.  Therefore, there remains approximately $47,678.33 on the policy.  Plaintiff also claims penalties and damages under LA. REV. STAT. ANN. §§ 22:658 and 22:1220.  Such statutes call for penalties that could equal 200% of damages, bringing the total in controversy in excess of $95,000.

Plaintiffs have indicated that they intend to file a stipulation into the record which would renounce any claim in excess of $75,000.  If filed, the stipulation could clarify that the amount in controversy has never exceeded $75,000.  Because the stipulation has not yet been filed, this Court must find that the amount in controversy exceeds $75,000.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc. 8) is **DENIED without prejudice to the Plaintiff's Filing of a Binding Stipulation**.

New Orleans, Louisiana this the 20th day of February, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3