```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CICERO HUNTER, ET AL                      CIVIL ACTION

VERSUS                                    NO: 07-4655
                                             Ref. All Cases

BALBOA INSURANCE GROUP, ET                SECTION: "J" (2)
AL
```

**ORDER AND REASONS**

Before the Court is defendants Meritplan Insurance Company and Balboa Insurance Group's **Motion in Limine (Rec Doc.33)**. This motion, which is opposed, was set for hearing on December 24, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the defendants' motion should be denied.

**Background Facts**

Plaintiffs brought this consolidated suit against their insurers seeking recovery for both flood and wind damage to a property located at 2416 Allen Street in New Orleans as a result of Hurricane Katrina. The defendants, Meritplan Insurance

Company and Balboa Insurance Group (collectively "Meritplan"), have filed this motion in limine to exclude the testimony of plaintiffs' expert Rod Jenkins and/or any representative of Professional Loss Consultants, Inc.  A Scheduling Order was issued in this case on July 24, 2008.  Rec. D. 27.  That order set a deadline of October 22, 2008 for the plaintiffs to provide to the defendants the written reports of experts who may be witnesses for the plaintiffs.  Id.  On that date, the plaintiffs provided the defendants with documents purported to be expert disclosures.  Mtn. in Supp., Ex. A, A-1, A-2, Rec. D. 33. However, the defendants contend that these reports are nothing more than repair estimates for hurricane related damage and do not comply with the requirements for expert disclosure under Federal Rule of Civil Procedure 26(a)(2).

**The Parties' Arguments**

The defendant brought this motion in limine to exclude the testimony of the plaintiffs' expert for failure to comply with Rule 26 and this court's scheduling order.  Defendants argue that the reports provided by plaintiffs on the scheduling order deadline of October 22, 2008 do not contain any information regarding Jenkins' background or qualifications, including a list of all publications authored by the witness within the last ten years, a listing of other cases in which he has testified within

the last four years, no complete statement of all of the opinions to be expressed and the basis and reasons for those opinions, and no exhibits to be used in support of the opinions.  Further, the defendants contend that the reports submitted by the plaintiffs do not provide any indication as to how Jenkins is qualified to render an opinion on the cost of the property repairs and the cause or extent of damage.  As a result of plaintiffs' failure to disclose this information, the defendants assert that Jenkins cannot be qualified as an expert at trial and that they have been prejudiced by being deprived of an opportunity to investigate Jenkins' claims and attack his testimony through a Daubert motion.

    The plaintiffs oppose this motion.  Plaintiffs represent that as a result of a clerical error, plaintiffs' counsel did not attach Jenkins' resume to the expert disclosures provided to the defendants on October 22, 2008.  Pl.'s Mem. in Opp'n, Rec. D. 35.  Additionally, Jenkins' resume was provided to the defendants on three separate occasions other than when expert disclosures were made on October 22, 2008.  Plaintiffs represent that Jenkins' report and resume were provided as part of the initial disclosures to defendants on April 3, 2008, again on May 30, 2008 as part of a response to discovery, and on November 24, 2008 along with plaintiffs' demand.  Id.  The resume provided for Jenkins gives a summary of his qualifications, a list of his

3

certifications, list of current licenses held, and a description of his work history and other experience. Ex. B, Rec. D. 35. Finally, the plaintiffs submit that on December 15, 2008 they provided supplemental Rule 26(a)(2) expert disclosures which contained a "complete statement of all opinions to be expressed and the basis and reasons therefore" along with Jenkins' resume. Pl.'s Mem. in Opp'n, Ex. E, Rec. D. 35. This disclosure on December 15 also included a listing of deposition and trials in which Jenkins has testified as an expert in construction, property loss assessment and causation, and claims procedures. Ex. E, Rec. D. 35. The plaintiffs argue that because the defendants have been provided with all of the required information Jenkins should be permitted to provide opinion testimony.

## Discussion

Federal Rule of Civil Procedure 26(a)(2)(A)-(B) provides that parties must disclose to each other witnesses "it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705." Those evidence rules are the rules associated with expert testimony. Federal Rule of Civil Procedure 16(b) provides that a court must issue a scheduling order in all cases except those that are exempt by local rule. This is a case that requires a scheduling order. The scheduling order in this case

was issued on July 24, 2008 and set October 22, 2008 as the deadline for plaintiffs to provide the defendants with written expert reports.  Rec. D. 27.  Federal Rule of Civil Procedure 16(f) provides that a court may issue sanctions "if a party or its attorney ... fails to obey a scheduling order."

The court is given broad discretion in formulating sanctions for a violation of its scheduling or pre-trial orders.  Barrett v. Atl. Richfield Co., 95 F.3d 375, 380 (5th Cir.1996); Geiserman v. MacDonald, 893 F.2d 787, 790-91 (5th Cir.1990)("Consistent with the authority vested in the trial court by rule 16, our court gives the trial court broad discretion to preserve the integrity and purpose of the pre-trial order.")(quotations omitted).  An appellate court will review a district court's sanction in this regard for abuse of discretion only. 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1531 (2d ed.1990).

The Fifth Circuit has established a four factor analysis to determine whether a district court's decision to exclude a party's expert witness was an abuse of discretion.  The four factors to be considered are: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony.  Barrett v. Atl. Richfield Co., 95 F.3d 375, 380 (5th

Cir.1996); Geiserman v. MacDonald, 893 F.2d 787, 790-91 (5th Cir.1990).

The plaintiffs have explained that the failure to provide required disclosures was a result of a clerical error. Subsequently, the plaintiffs supplemented their expert disclosures to provide the information the defendants sought. In addition, the plaintiffs had previously on several occasions provided the defendants with information about Jenkins. The subject matter of Jenkins was not hidden from the defendant based on these disclosures, as well as the nature of the case and Jenkins background. This type of expert witness for the plaintiffs is standard in a hurricane case such as this present matter.

It is clear to the Court that the plaintiffs have provided an adequate explanation for the initial failure to provide complete information about Jenkins in accordance with the scheduling order deadline. The plaintiffs have also taken steps to remedy the deficiency, which has lessened any prejudice the defendants may have experienced. A continuance of this case is not necessary to cure any prejudice. However, if the defendants have not had the opportunity to depose Jenkins, then they will be permitted to do so prior to trial. Accordingly,

**IT IS ORDERED** that defendants Meritplan Insurance Company and Balboa Insurance Group's **Motion in Limine (Rec Doc.33)** is

hereby **DENIED.**

New Orleans, Louisiana, this 14th day of January, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE